**CENTRAL OIL EMULSION CORPORATION, Plaintiff-Appellant, v. ROESCH, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5131. Decided February 21, 1956.

Robert Dow Hamilton, Columbus, for plaintiff-appellant.

J. Paul McNamara, Keith McNamara, Columbus, for defendant-appellee.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

**OPINION**

By FESS, J.

Appeal on questions of law and fact from a judgment of the Court of Common Pleas finding on behalf of the defendant and dismissing the petition.

The petition alleges in part that on January 23, 1935, the defendant was issued one share of the common stock of the plaintiff, without consideration, by defendant, for the purpose of qualifying him as a director of the plaintiff. Plaintiff further alleges that it issued said share of

stock to the defendant upon condition that defendant would hold the share in trust for the benefit of plaintiff and would receive dividends thereon only as long as defendant served as director or until demand was made for the return of the share, and that defendant would return the share to plaintiff upon ceasing to be a director.

Plaintiff further alleges that defendant's tenure as director has terminated and that, although plaintiff has demanded surrender of the certificate, defendant has refused to do so. Plaintiff prays that defendant be ordered to surrender said certificate and for other relief.

Review of the testimony and exhibits discloses that two former partners—R. H. Shaffer and D. J. McSwiney—organized the corporation in September, 1934. At its initial meeting, the incorporators elected five directors, including the defendant and another employe. Shaffer and McSwiney, or their nominees, were thereafter issued 1937 shares each. Defendant was also elected Secretary and Treasurer of the corporation. At the annual meeting on January 8, 1935, the directors were re-elected and one share each was authorized to be issued to the defendant and one other employe, apparently for the purpose of qualifying them as resident shareholders and directors. Defendant's share was thereafter issued on January 23, 1935, and on January 30, 1935, the certificate was endorsed by him in blank and pursuant to instructions from one of the major stockholders, replaced by defendant in the corporation stockbook. As secretary of the corporation, the defendant had custody of the stockbook, including this share of stock. Defendant testified that in the fall of 1936, he had a conversation with Mr. Shaffer, who told him that he wanted defendant to have the share of stock "since I was a director and officer, and I was very active in the management of the concern." He further testified that Shaffer shortly after the annual meeting in 1937, told him to pick up the stock and retain it in his possession. Shaffer, as well as McSwiney, emphatically denies this testimony of defendant.

Defendant's services with the corporation were terminated in 1945, but no successor to defendant as director was elected in 1946 or 1947. Minutes of the Board meetings on March 1, 1946, and December 3, 1946, disclose that defendant continued as a Director but was not present. Mr. McSwiney testified that in 1946 and 1947 he secured proxies from defendant to vote his stock, and possibly in 1949 and 1950. At the annual meeting in 1948, the number of directors having been reduced from five to three, defendant was not re-elected. Minutes of the Board of Directors' meeting held February 7, 1949, recite: "Authority was voted D. J. McSwiney to purchase for treasury, stock held by Raymond Roesch." Nevertheless, the books and records disclose that defendant was not only a shareholder of record but received dividends upon his share of stock in 1936, 1937, 1942, 1946, 1948 and 1949. No dividends were paid defendant thereafter. He likewise received notice of a special meeting of the stockholders in 1948. On several occasions after 1945, D. J. McSwiney obtained proxies to vote the defendant's share from defendant. Apparently McSwiney secured these proxies in anticipation that Braden, the other nominal holder, might vote his stock with that of Shaffer, who held an equal number of shares with McSwiney. After unsuccessful negotiations with defendant to purchase this share of stock, in February,

20

1951, the Board authorized the institution of the instant action, which was filed in October, 1951.

It is recognized that it is normal corporate practice in closely-held corporations, to elect qualifying or "dummy" directors among relatives or employes. The common expedient employed is to have such nominal directors endorse their shares in blank, and return them to the corporation. In the event of discharge or retirement of any such director, his share can thereby be readily transferred to a successor.

Upon the evidence, we find that upon the issuance of the share to defendant in 1935, he became merely a shareholder of record and was not intended to become the beneficial owner thereof. But the certificate was actually issued to the defendant. It cannot be held that it was issued without consideration. It was issued for some purpose thought to be necessary for the conduct of the business of the company,—possibly under the mistaken belief that it was necessary to qualify the defendant as an officer, director or a resident shareholder. He endorsed the assignment in blank, which authorized its transfer upon the books of the corporation, and returned it to the corporation. So long as it remained there, it could have been transferred to another or converted into unissued stock by cancellation. But plaintiff took no such action, because of its desire to continue defendant as a shareholder of record. Defendant had no right to remove the certificate from the records of the company, which were in his possession as secretary, and by reason of taking the certificate into his own possession, would not acquire the beneficial interest in such share. Nor could he acquire the beneficial interest in such share by reason of the fact that one of the large shareholders of the company advised him to take it. Since he had no right to the possession of the certificate, the only manner through which he could obtain the beneficial interest therein would be pursuant to a reissue of the share to him by appropriate action of the Board of Directors.

As secretary of the company defendant held the share certificate in a confidential and fiduciary capacity. Having taken physical possession of the certificate from the company he now holds it as trustee ex maleficio. Since the defendant was a shareholder of record we do not regard the annual reports of the corporation to the Ohio Tax Commission disclosing that the corporation had a resident holder of one share of its stock as of particular significance. Nor do we regard the payment of dividends as conclusive evidence that the plaintiff acknowledged defendant as the beneficial owner of the share.

Finding and judgment for plaintiff. Cause remanded to the Common Pleas Court for further proceedings including execution for costs.

MILLER, PJ, HORNBECK, J, concur.